I represent the plaintiff, O'Hell, Rahel, Synagogue, and the other class representatives. Your Honor, there are two issues before the Court. First is whether the interest statute or subsection of the Civil Asset Forfeiture Reform Act applies to the non-judicial stage of civil forfeiture proceedings. And then, if not, should the plaintiffs be allowed leave to amend to allege an alternative remedy. Under the government's interpretation of the statute, the government can seize someone's money and then hold on to it for up to seven to ten months and make a windfall profit off that money. And I don't believe that's what the statute was written to intend. Well, the equities are certainly with you. But I have difficulty getting past the part of the statute that says that there has to be a civil proceeding to forfeit property. And I don't understand how the statute ever kicks in if the government, for one reason or another, decides not to institute a civil proceeding to forfeit property. It's sort of a different basis than what the district court said, but why isn't that a statutory answer? Because a non-judicial proceeding is a non-judicial forfeiture proceeding, and a non-judicial civil forfeiture proceeding as opposed to a criminal proceeding is a civil proceeding to forfeit property. It's essentially the first step of a full civil forfeiture proceeding. There's the non-judicial stage that then becomes the judicial stage if the government files a forfeiture complaint. In a criminal forfeiture, it's separate. It's you have just a judicial forfeiture proceeding. There's no initial claim that's filed with the agency. It starts with the agency and then continues on into the hand and through the attorney's hands in the agencies also. The attorneys in the agencies review the claim and the petition, then send it over to the U.S. Attorney's Office, and then an attorney in the U.S. Attorney's Office reviews it and then decides whether to go any further with that proceeding. But it's one long proceeding, and essentially there's, I believe, on page 11, footnote 4, I've cited some cases that talk about the fact that it's really only the first step of the entire civil forfeiture proceeding, or I'm sorry, entire civil proceeding, and just one long process. So, and then the statute itself, both the section, Title 18, Section 983 of the United States Code, and 28 U.S.C. 2465 make clear distinctions, particularly 983, as to judicial forfeiture proceedings and the judicial stage and then the non-judicial stage of the forfeiture proceedings. So Congress was very clear as to what parts of the statute apply only to the judicial forfeiture proceeding and what applied to the non-judicial. And in this interest statute that we're suing over in this case, Congress did not delineate that separately between them. It did not limit the interest to only the judicial forfeiture proceeding. It said in any civil proceeding. And if you look at 2465. Kagan. But how can that possibly make sense when, if you read that section as a whole, in the civil proceeding the United States is liable for attorney fees and other litigation costs, it suggests there has to be litigation. And that's judgment interest that, again, litigation. Isn't that the context in which this appears? And that leads us to whether or not this, what litigation is. I mean, is litigation where you have to file served discovery on the other side and have motions? Or is litigation a contested proceeding? And in this case, as soon as the claimant, through his attorney or not, files a claim with the counsel for the agency, for the DEA in this case, then they're contesting the proceeding. Counsel for the agency reviews the claim. Or if it's, and there's a separate subclass when the claimants file what's called a petition for administrative relief. When they file that, that's reviewed by agency counsel. And then agency counsel rules on that. And then it's up to the claimant to, whether to accept that or to proceed further. But there's attorneys presumably on the claimant's side, but definitely on the government's side. And then the government then has to make a determination as to whether to continue that proceeding by filing a complaint and possibly incurring further fees and further interest and further costs by filing a judicial proceeding. So it's contested all the way. Let me ask this, counsel. The government has seized the property. And if there's no claimant who comes in and says no, can't do that, the government would just retain that property? Yes. The government summarily forfeits the property. So if it's not contested, the government wins automatically. If it is contested, then there's further steps in the process. The first step is the DEA, in this case, reviews the claim, decides whether to abandon the proceeding or to then proceed further. And in a lot of cases, in these cases, and I've been doing these forfeiture cases as Mr. Lee has for many, many years, a lot of cases the DEA, once they see that someone's contesting it, will then drop it at that point and realize, well, this is not that good of a case, we'll drop it. But it's being contested at that point. It gets sent to the U.S. attorneys. Then there's the petition for administrative process, which is contesting it vigorously also, saying I want my money back. Then it gets sent to the U.S. attorney's office, and the U.S. attorney's office reviews it. And it's being contested all the way. So the government does not have that ability to immediately summarily forfeit the property. It's a proceeding that's being reviewed in all steps. And the fact that there's no judge involved is not the fault of the claimant in this case. Well, it's not a matter of fault in any of this. It's a matter of what Congress has provided for. And that's all we're looking at is what they meant. Yeah, and that's a really good point that you raise, Your Honor. What does Congress mean in this case? If you look at the legislative history and you look at the plain language where they distinguish between judicial stages and the nonjudicial stages, the language, at least by the senators, was we want to make these people whole. They have to contest this. They have to fight the government. We want them to be made whole. So there's a section there for attorney's fees so they can get their attorney's fees back. But there's this other section to get the interest back that the government's made on their money. And the whole intent of Congress was here's people's property being seized improvidently and being taken away from them, being deprived of this money for up to ten months, maybe longer. On the average case, at least seven months. That's good economics, but it doesn't accord with the statute, it doesn't seem to me. Well, that is the question. I mean, if you look at Congress's intent, based on the past history of these cases, government was making money off of people whose property should have never been seized in the first place. And so they're making the money off of them. And Congress then came forward, passed a whole new statute called the Civil Asset Forfeiture Reform Act to stop the government from making money off of people when they shouldn't. And so the whole point of that. They were getting interest the same way as they did attorney's fees, didn't they? No, actually, there was no discussion about interest, in fact, in the legislative history. There was only discussion about attorney's fees. In the statute, though, they treated it the same, right? No, in interest, there was a separate section for interest. They didn't talk about litigation costs or about litigation in the interest section. That was in a whole separate subsection, subsection C. Subsection B discussed litigation and costs, attorney's fees and costs. Subsection C did not talk about litigation, although it is our position that the civil administrative portion is litigation. Well, they lumped them all together, though, in things that the United States should be liable for. Right, and it's lumped together because that is the – 2465 existed before. What they did was amend 2465 to add these specific provisions to return interest and to return attorney's fees. But the statute – Well, it's subject to the substantially prevails requirement. Right, and that's another question. In this case, the plaintiffs have not – have limited their classes to the people who got all their money back, people who have prevailed completely by getting everything back. And the question is, does – and the government has raised in their brief this Buchanan case that talked about an attorney fee statute. And mind you, Your Honors, there's no discussion of interest provisions in any of the cases that we've talked about. But the way the statute is set up, the text of it requires that the claimant substantially prevail in any civil proceeding to forfeit property. And if the claimant substantially prevails, a bunch of things follow, but they are attorney's fees post-judgment interest and pre-judgment interest in certain instances. So the substantially prevails that deals with attorney fees has to be the same substantially prevails as with all the items in the list, because they're all subsumed under that one – Theoretically, but it's interesting that the pre-judgment interest was not included in that same section with post-judgment interest and attorney's fees. Yes, it is. It's all under B1. No, no, no. Attorney interest is under C, Section C. But small b, small b1 contains a, b, and c, and a is attorney fees and litigation costs, b is post-judgment interest, and c is pre-judgment interest. But they're all underneath little b1, which is where the substantially prevails in the civil proceeding as required. And, Your Honor, as a matter of fact, originally in this case we had a claim for attorney's fees, believing that that should be included. We dropped that because, frankly, it would be harder to prove, assuming the case was remanded, because each individual's claim may be very different in claiming attorney's fees. Interest is a lot cleaner and a lot simpler to determine for the purposes of a class. But, in fact, that's the claimant's contention is that attorney's fees should be awarded in these cases, too. That's not before the court anymore. But, in fact, all that should be included. And there are statutes out there that provide for payment of attorney's fees in purely administrative proceedings. And there's case law out there that allow for that. In this case, again, we're not talking about attorney's fees. We're talking about interest only, which has not really, has not been litigated in what I could find. In fact, this is a specific statute. It's almost like strict liability, that in any time the money, the person gets all their money back or they substantially prevail against the government. By contesting forfeiture, they have to get their interest back. The government doesn't get to keep it. No, when you look at the structure of small B-1, just textually, I'm not sure how you ever get prejudgment interest without a judgment that also gives you the right to the attorney fees, the costs, and the post-judgment interest. It seems like it's intended to be a package of things that arrive upon the entry of a judgment in your client's favor. Yeah. But, in fact, they don't call it prejudgment interest. I believe they call it interest from the date of seizure. No, but they call post-judgment interest post-judgment interest. Which is separate. Well, it's all part of the, I mean, I guess that's the question. It looks to me like it's all part of a package. If there's a civil proceeding and the claimant substantially prevails, then they are entitled to a package of things from the government. And one of them is post-judgment interest, one of them is attorney fees, and one of them is what I've shorthanded. You're right, it isn't in there, prejudgment interest. But if you look at that as a package of what the person is entitled to, this list of things, it looks like there has to be a judgment in a civil action. And I believe what the Congress intended was to add post-judgment interest for those instances where there was, in fact, a judicial finding, a final judgment. And these are a glossary of different remedies that are available, whether it's post-judgment, prejudgment, or throughout. But these are all the types of remedies that the claimant would be entitled to should they get their money back completely. And I find it's very interesting that in Section A of 2465, it says upon entry of judgment. But in Section B, it doesn't have that limitation. In Section B, B-1, where it has the different remedies, it doesn't say upon entry of judgment. It just says in any civil proceeding under any forfeiture statute to or any statute to forfeit property. Now, if Congress wanted to limit it solely to cases where there's a judgment in judicial forfeiture proceedings, those four words could have easily just been inserted right in the beginning of that, in the very next section after A. And A is specifically designed to preclude the – to give the judge the discretion to preclude the claimant from suing the government upon entry of judgment. It allows for a certificate of reasonable cause. And so that is specifically talking about a judicial proceeding only. The next section doesn't say upon entry of judgment, and it talks about the possible remedies available to a claimant when they win, when they get their money back. And that's what happens in these cases is the government seizes money willy-nilly, and someone's got to – if they don't do something, they've got to file a claim and contest it, they're going to lose their money. And so they have to contest it. And it's a proceeding. It's – whether you want to call it nonjudicial, judicial, administrative, it's a civil proceeding to forfeit property by the government. And I'd like to – You have exceeded your time, but we'll give you back a couple of minutes for rebuttal, since we've taken up quite a bit of it with questions. Thank you, Your Honor. Good morning, Your Honor. May it please the Court, my name is John Lee, and I represent the United States in this case. This case requires the Court to construe the meaning of 28 U.S.C. 2465. And the parties have taken two pretty divergent approaches to what that means. I think this case, the Court has been pretty clear about the meaning of the meaning of 2465. And it's pretty clear that in these types of statutory construction cases, the Court is to look at the entire statutory scheme. And that's what I would ask the Court to do. If you look at the statute, the entire statute, 2465, it's laid out in a way that makes it crystal clear that the Congress could not have intended that the interest scheme apply in a nonjudicial setting. 2465A starts with the phrase, upon the entry of judgment. And then it goes on to talk about how when properties returned, it should be returned forthwith. And then it says that the Court shall cause a certificate of reasonable cause to be issued. And then it goes on to say that in such cases, meaning in cases where the Court issues a certificate of reasonable cause, claimants shall not be entitled to costs except as provided in subsection B. So in other words, what subsection A is saying is that when a certificate is issued, the Court cannot award costs except those that are specifically provided in subsection B. And those are itemized in B1A, B, and C. Subsection B goes on to talk about where a party substantially prevails. And in those situations, three specific types of costs are allowed to a claimant. One is reasonable attorney's fees and other litigation costs. Second is post-judgment interest. And the third thing is what is really at issue here, and that's the interest. And then as if almost to repeat itself, Congress goes on to say, the United States shall not be required to discord the value of any intangible benefits nor make any other payments not specifically provided by the subsection. So it's crystal clear that Congress clearly intended that there be no costs but those three that are. Kennedy, an unfair result then, is that right? Well, Your Honor, I wouldn't characterize it that way. When you have the use of someone else's property for a period of time and there's a termination or you decide that you don't have a right to it, you return it, don't you owe them interest for that period? Well, Your Honor, in those situations, there clearly certainly are remedies that can be pursued. To step back for a second, before 2465 was amended, and Mr. Honig is correct that 2465 did exist before 2000, the part that existed is really just the subsection A, which only pertained to the judicial proceeding section. And then the clause acceptance provided in subsection B was added by language in 2000, and then the entire subsection B was added by CAFRA. Before CAFRA was enacted, what the government could do was take a lot of time making its decision. And the 8850 case, the $8,850 case that's cited by government in its brief, says that even 18-month period did not violate due process. CAFRA changed that. CAFRA said, look, agency, you have 60 days to make your decision. The U.S. Attorney's Office, you have 90 days after a claim is filed to make your decision. So it provided specific remedies that give parties in the way of the amount of time that the government can take. So in essence, Congress, what you're saying is Congress chose to limit the damages of the individuals whose property was taken rather than to grant them interest in this situation. That's your reading of it. Have you looked at the Legislative History Council? Yes, I have, Your Honor. And what's that reflect? There is a fairly thick book called CAFRA's Legislative History that's published by the Asset Forfeiture Money Monitoring Section. A lot of it basically repeats various stages of the statute, the way it's been going through Congress. In the discussions that talk about interest, a lot of it is just repetitive. Congress does take a note of the circuit split that occurred in the area of prejudgment interest. In this circuit, the $277,000 case awards prejudgment interest. The Fifth Circuit does the same. Every other circuit to decide that issue, the First, Second, Seventh, Eighth, Tenth, and Eleventh Circuits all said no. Congress took note of that circuit split in their legislative history, and they decided that under 2465, yes, they would award some measure of prejudgment interest, but they limited the amount of remedies that a claimant would have. They've done other things. For example, Mr. Honig alluded to the possibility that the government may willy-nilly seize assets without any recourse. That's simply not the case. The other thing that CAFRA does is it eliminated the sovereign immunity provided by the Federal Tort Claims Act. Under 28 U.S.C. 2680C, CAFRA specifically says that the government can be liable for seizures that it undertakes, and therefore Congress decided that it would provide that added measure of remedies to claimants if they feel that they've been aggrieved by a seizure. What Congress chose not to do and where Congress drew the line is in awarding any measure of prejudgment interest that's not specifically authorized by B1C. Congress clearly intended that those provisions would be the only prejudgment interest allowed, and the fact that Congress chose not to award other prejudgment interest is pretty clear by the language of 2465 in more than one section. What if the agency and the U.S. Attorney's Office violate the time barriers that are set up by CAFTA? What then? In this case, did they return the money as quickly as CAFTA required? Yes. In all three situations, the agency sent out notice within 60 days, and in the first and the last case, the U.S. Attorney's Office returned the money before the 90-day period expired. I don't recall exactly what happened in the second case, but I did notice that it was beyond the 90 days. It was beyond the 90 days. Yes. So what do you do then when they violated CAFTA? Well, it's – I don't agree that that constitutes a violation. I don't – I believe what happened in the second case is that the government decided – the U.S. Attorney's Office decided not to pursue judicial forfeiture in that case and instructed the agency to return the money, which it did. The agency asked the second claimant for a hold harmless agreement, and that, I think, process took about a month to undertake. And then by the time that the marshal service returned the money, that was within – outside the 90-day period. Let's just assume a case where they really are in trouble. They don't return the money for a year. What's your position on that? Are they entitled to interest or not? In that situation, if – I assume that the court means that there is no judicial action that's filed. That's right. It's just like these cases. It's been decided by the government they're not going to pursue it. The claim has been made by the owner of the money, and they've decided to return it, but they take their own sweet time about it and don't do it for a year, year and a half. What then? What then? Well, what happens a lot in these cases is that the claimant has recourses that he or she can take. One is cases under Rule 41G of the Federal Rules of Criminal Procedure. They can ask for the return of seized property, and those cases are treated in the district court like if a complaint was filed. Those cases are heard just like any other case. If the claimant feels that the government is taking too long to return its money, they can make that argument in the district court. And what's happened a lot, Mr. Honig himself has done this. In that case, would they be entitled to pre- and post-judgment interest? I would, in that case, they would be entitled to post-judgment interest because CAFRA provides that. I think that in that situation that they would not be entitled to pre-judgment interest because CAFRA not only doesn't provide it, CAFRA pretty clearly evidences an intent not to provide anything that's not specifically enumerated in that statute. So, you know, I think to some extent there are some CAFRA is not perfect. It addressed a lot of the ails of forfeiture. It limited the time. It provided some changes in the burden of proof. There are some areas where perhaps Congress chose not to go, and to the extent that those constitute inequities, I think that's a decision that perhaps Congress should make rather than this Court, especially because Congress here clearly indicated in 2465 in more than one place that if it's not listed here, it's not available. The other point that I wanted to make, Your Honor, is that besides looking at the statute as an entire whole, both subsections A and B, and I would agree with Judge Graber that subsection B-1, even if you look at that in isolation without looking at A, the words that are in that statute substantially prevails, which is a term of art that's used in court cases. Litigation costs, that's another term of art that's used in court cases. Pre-judgment interest, that's another term of art that indicates a judicial case. Besides the individual construction from subsection B-1, there's an additional requirement why plaintiffs can't prevail in this case, and that is that they have to have substantially prevailed. And they did not do so here because in all three situations, the government gave back the property without filing a judicial action. In other words, the system worked the way it should have. For whatever reason, and it's not – But they had to make a claim, counsel, or they wouldn't have gotten their money back. Isn't that right? I think that's fair to say because if the agency seizes money and sends out notice to the claimants and they don't respond, then the agency has authorization to administratively forfeit that property. No, they substantially prevailed by making a claim saying, Hey, wait a minute. I wasn't involved in drugs or I wasn't – give me my money back. I think that it depends on how you construe substantially prevail. I would say that substantially prevails before the government brings an action to actually forfeit the money. Well, the problem, though, Your Honor, is that they got it a little bit sooner. And if they waited until they make the claim and the government decides, well, we think we still have a good case, they then bring a civil proceeding judicial, and then the individual wins. He substantially prevails and gets his money. But if he persuades someone at an earlier point, it seems to me he still substantially prevails. I'm not suggesting that some of your other arguments don't have merit, but that one to me does not. Well, Your Honor, I think only if you construe the word substantially prevail in a very loose, undefined way, I think perhaps – Well, it's not loose or it's not undefined. That's correct. I made a claim and the government says, Okay, you're right. Well, that's correct, but that's not what substantially prevails amounts to. The Buckhannon case, the Perez case in the Ninth Circuit all say that substantially prevails means two things. Someone has to have a court order or you have to have a settlement agreement that's enforceable by a consent decree in order to substantially prevail. That is not what happened here. What happened here really, and not all of this is in the record, is that it's not the case that there was a meritless seizure. The government in its executive decision decided not to pursue the cases because all these cases fell below the $15,000 threshold to get into the U.S. Attorney's Office. There were facts to indicate that there was merit to this case. For example, in the synagogue case, the claimant had ties to MDMA distribution rings. The synagogue had no idea that he was going to New York to make collections on behalf of the synagogue. But for whatever reason, the government chose not to bring this case because it did not have the resources. And CAFRA provides protection to the government in that situation to make its executive decision not to pursue judicial cases, not to clog up the courts with small cases without the risk of incurring interest exposure. Now, if the government had seized a lot of money and been unresponsive and not done anything for a while, they can pursue Rule 41 cases. They can sue civilly. They can sue under the FTCA. They can do a lot of things. But CAFRA chose – Congress chose in CAFRA not to provide prejudgment interests, as Judge Graber pointed out. And I would say that that ends the Court's inquiry. Unless the Court has any questions, I think I'm prepared to submit. Thank you. I believe Mr. Honig has some rebuttal time. Your Honor, thank you. There was a number of items that I have to – I believe I have to correct the record. First of all, it's not anything – there's nothing in the record about the synagogue case and what happened in that case. And if I'm allowed the opportunity to respond, even though it's not in the record – I think we'll ignore what's not in the record. Thank you, Your Honor, because we disagree with that characterization completely. Now, as – first of all, the government said that the – CAFRA changed the rules to set deadlines for filing complaints. But there was – there was case law out there already, one out of the United States called Dwyer v. United States, that set – the Court said it's reasonable for the Court – for a government to hold on to property for a certain amount of time before filing a lawsuit or sending out notice. And so I believe Judge Thompson out of San Diego set a 60-day limit on his own for providing notice to the claimant. So that was already out there. It wasn't – CAFRA didn't just suddenly come along and say, oh, okay, we're going to change everything. There were already checks, including the $277,000 case that said interest has to be paid, which does provide that interest must be paid in returning money that was – money that was returned in an administrative forfeiture proceeding. It's not limited to judicial forfeiture proceedings. The government said, well, there's essentially checks on the government that in case they hold on to money too long, the claimant can come in again to court and ask for the money back. First of all, the government is required to return the money because the 90 days is a statute of limitation. But now the government holds on to it longer. And this happens. Mr. Lee admitted that I've had to file these motions. When the government holds on to money continuously, I've got to go in court and say, can we get our money back already? The claimant has to hire an attorney and continue to litigate.  to get the money back. And we're not entitled necessarily to it. Meanwhile, Mr. Lee said that there's this other remedy where you can sue the United States for – under the Federal Tort Claims Act. Well, there's a case that I'm actually co-counsel on where the government's taken the position that – and it's called Carver Hall v. United States in the Central District of California. The government's taken the position that, well, if we don't give your money back right away and you sue to get it back, you're not entitled to your attorney's fees. You're not entitled to your interest even in that case in defending a tort claim act. So they've taken the position that you're not entitled to attorney's fees interest in any case when the government holds on to your money or property and doesn't give it back to you. So you have to go to court and hire an attorney. And I can't imagine that Congress intended that the government can grab someone's property, hold on to it, and make them spend fees, make them spend more fees after the time limits are up and not get at least a minimal amount of interest back that the government's made as a profit. It just doesn't make sense. And if you look – the one other thing that Mr. Lee said was – You have well exceeded your time, so if you could wrap up quickly, we'd appreciate it. You have to look at the entire scheme of the statute. Well, the entire scheme is actually the act, which is the Civil Asset Forfeiture Reform Act. And that means you have to also look at 18 U.S.C. 983, which is also part of that act. And that section clearly delineates between judicial cases and non-judicial cases. Congress chose when it applied to one situation and when it applied to another situation, non-judicial versus judicial. In this particular section of the statute of CAFRA, the act, it does not separate between judicial and non-judicial. It says in any civil forfeiture proceeding. And if you look at that grand scheme, Congress had that opportunity to separate it out and said limit it to only judicial proceedings. They did not. They included all civil proceedings. Thank you. Thank you, counsel. The case just argued is submitted. We appreciate the very interesting arguments from both sides.
judges: B. Fletcher, Cudahy , Graber